# McMORAN, O'CONNOR, BRAMLEY & BURNS
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

NEW JERSEY OFFICE

RAMSHORN EXECUTIVE CENTRE
BLDG. D, SUITE D-1
2399 HIGHWAY 34
MANASQUAN, NEW JERSEY 08736

(732) 223-7711   FAX: (732) 223-7750

REPLY TO:

NEW JERSEY OFFICE

NEW YORK OFFICE

10 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10020
(800) 292-6640

WEB: www.mcmoranlaw.com

MICHAEL F. O'CONNOR
MEMBER OF NJ AND NY BARS
moconnor@mcmoranlaw.com

May 7, 2018

**BY ECF**

Hon. Brian Martinotti, U.S.D.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> RE: **John Curley vs. Monmouth County Board of Chosen Freeholders, the individual County Freeholders, and Michael Fitzgerald and Teri O'Connor**
> **Civil Action No. 3:17cv-12300-BRM-TJB**

Dear Judge Martinotti:

We represent defendants Michael Fitzgerald, Esq. and Teri O'Connor in the captioned matter. Please accept this informal letter-brief as defendants Fitzgerald and O'Connor's post-argument submission on the pending motions to dismiss and for contempt.

## Defendants' Motion to Dismiss

Plaintiff's statutory claims fail as a matter of law because he failed to plead any harm that is more than *de minimis* and he received all of the process that he was due. In

Count Five of his Amended Complaint, plaintiff also seeks prospective relief by way of request for a declaratory judgment that the investigation that Fitzgerald and O'Connor authorized was *ultra vires* and, therefore, cannot form the basis of any future discipline.

However, the Court does not have jurisdiction to render an advisory opinion that any future discipline against plaintiff would be unlawful unless and until that discipline occurs. In this respect, there is no actual case or controversy before the Court. *See, e.g., Versage v. Township of Clinton*, 984 F.2d 1359, 1369 (3d Cir. 1993).

Further, the investigation was not *ultra vires*. The investigation was authorized by Monmouth County Administrative Code provisions enacted by the Board and undertaken to fulfill the County's statutory duty under federal and state law to maintain a work environment free from unlawful discrimination. Accordingly, the motion to dismiss should be granted.

### Plaintiff's Motion to Hold Defendants in Contempt

The Court should not hold defendants Fitzgerald and O'Connor in contempt because neither defendant disclosed the Report or made any public statement that quoted, paraphrased or disclosed information contained in the Investigator's Report at any time on or after December 4, 2017. Their mere presence at the December 8, 2017 public session at which the Board of Chosen Freeholders passed the censure resolution and read it aloud could not establish contempt even if a binding and enforceable sealing order was in place.

Further, there was no order that prohibited the County defendants from publicly censuring plaintiff based on the Report on December 8, 2018. The reasons for that are (1) plaintiff never filed a motion to seal in accordance with Local Civil Rule 5.3 (2) plaintiff

withdrew his motion for temporary restraints before the Court ruled on same and (3) on December 4, 2017, all parties understood and agreed that defendants had reserved the right to publicly censure the plaintiff.

When the parties appeared in Court on December 4, 2017, plaintiff agreed to withdraw the motion for temporary restraints if defendants lifted the restrictions on plaintiff's access to the Hall of Records and his aide. Defendants also agreed that the public should not have access to the Investigator Report through PACER. Plaintiff himself made that document part of the public record by filing his unsealed application for temporary restraints. Prior to that time, the defendants had resisted requests for the Report based on the sexual harassment exception to Open Public Records Act (OPRA). The idea was to return the parties to the *status quo ante* before plaintiff filed his application.

However, because plaintiff withdrew his application for temporary restraints, and there were no grounds for same, the Court did not issue an Order that enjoined defendants from publicly censuring plaintiff based on the Report at its upcoming December 8, 2017 Board meeting. Because plaintiff never filed a motion to seal that complied with Local Civil Rule 5.3, the Court also did not issue a sealing order, complete with the findings of fact and conclusions of law required by the Rule, which would not only have restricted public access to the Report but also prohibited defendants from quoting or paraphrasing the Report in a public censure of plaintiff.

No such order was issued because the parties agreed that the County defendants reserved the right to censure plaintiff based on the Report in public session if they saw fit to do so. The transcript of the hearing confirms the parties' agreement. It states, "The

Hon. Brian Martinotti, U.S.D.J.
May 7, 2018
Page 4 of 6

county is free to schedule an executive session and public meeting at their discretion." *See* December 8, 2018 Transcript at T4:9-10. *See also* Certification of Michael D. Fitzgerald, Esq. at ¶¶27-39.

When viewed in context, plaintiff's motion to seal reflects an attempt to take advantage of an ambiguous minute entry, which did not prohibit defendants from publicly censuring plaintiff based on the Report as he contends. To the contrary, the first sentence of the minute entry confirms that defendants' right to censure plaintiff was preserved where it states: "Ordered plaintiff's motion for temporary restraints to be withdrawn." While the second sentence of the minute entry states that document# 2 is to remain sealed, that provision in the minute entry merely memorialized the parties' agreement that the public should not have access to the Report through PACER.

Plaintiff has failed to demonstrate by clear and convincing evidence that any defendant violated an order of this Court. The case law is clear that a contempt order should not issue where the underlying order is not specific and definite and there is ground to doubt the wrongfulness of a party's conduct. Given the procedural history, the absence of any Order that complies with L.Cv.R. 5.3 and the ambiguity of the minute entry on which plaintiff bases his motion, the motion should be denied in its entirety. *John T. ex. Rel. Paul T. v. Del. Cnty.*, 318 F.3d 545, 552 (3d Cir. 2003); *Harris v. City, of Phila.*, 47 F.3d 1342, 1350 (3d Cir. 1995).

Respectfully,

Michael F. O'Connor

MICHAEL F. O'CONNOR

**McMORAN, O'CONNOR, BRAMLEY & BURNS**
A PROFESSIONAL CORPORATION

Hon. Brian Martinotti, U.S.D.J.
May 7, 2018
Page 5 of 6

MFO/ng
c:    Bruce P. McMoran, Esq. (by ECF)
      Angelo J. Genova, Esq. (by ECF)
      Lawrence Bluestone, Esq. (by ECF)
      Jonathan Testa, Esq. (by ECF)

Case 3:17-cv-12300-BRM-TJB   Document 51   Filed 05/07/18   Page 5 of 5 PageID: 1096

**McMORAN, O'CONNOR, BRAMLEY & BURNS**
A PROFESSIONAL CORPORATION