# O'DONNELL MCCORD, P.C.
### ATTORNEYS AT LAW

1725 HIGHWAY 35, SUITE C
WALL, NEW JERSEY 07719
T: (732) 681-0048
F: (732) 681-0053

PLEASE REPLY TO WALL OFFICE

Jonathan Testa*
JTESTA@OMLAWPC.COM
Attorney Id.: 015152009
* Member NJ and NY Bars

BERGEN COUNTY OFFICE
266 HARRISTOWN ROAD
GLEN ROCK, NEW JERSEY 07452

ESSEX COUNTY OFFICE
SEVEN HUTTON AVENUE
WEST ORANGE, NEW JERSEY 07052

MORRIS COUNTY OFFICE
15 MOUNT KEMBLE AVENUE
MORRISTOWN, NEW JERSEY 07960

May 7, 2018

**VIA ECF**
Honorable Brian R. Martinotti, U.S.D.J.
U. S. District Court, District of New Jersey
Clarkson S. Fisher Building
402 East State Street, Room 2020
Trenton, New Jersey 08608

> **Re: John Curley v. Monmouth County Board of Chosen Freeholders, et al.,**
> **Civil Action No.: 3:17-cv-12300-BRM-TJB**

Dear Judge Martinotti:

Please be reminded that this office represents Defendants Monmouth County Board of Chosen Freeholders and the various County elected officials, named as Defendants in their individual and official capacities (hereinafter collectively referred to as the "Freeholder Defendants") in this litigation. In accordance with Your Honor's instructions, kindly accept this informal letter brief as the Freeholder Defendants' post-argument submission related to the pending motions.

**I.   ABSOLUTE LEGISLATIVE IMMUNITY BARS PLAINTIFF'S CLAIMS**

Pursuant to the Speech or Debate Clause set forth under Article 1 of the United States Constitution and the common-law, absolute legislative immunity shields the Freeholder Defendants

Hon. Brian R. Martinotti, U.S.D.J.
May 7, 2018
Page 2

from suit for damages under both 42 U.S.C. §§ 1983 and 1985. See Tenney v. Brandhove, 341 U.S. 367 (1951); see also Gravel v. United States, 408 U.S. 606, 616 (1972)(holding absolute legislative immunity from suit applies to a legislative body, an individual legislator, and the legislator's staff members); Bogan v. Scott-Harris, 523 U.S. 44, 53-54 (1998)(holding legislative immunity applies equally to legislators and their staff members at the state, regional, and municipal levels); and Reeder v. Madigan, 780 F.3d 799, 802 (7th Cir. 2015).

In addition to absolute legislative immunity, the Speech or Debate Clause establishes an evidentiary privilege barring the introduction of evidence of legislative acts against a protected party; and provides for a testimonial and non-disclosure privilege that prevents a protected party from being compelled to answer questions about legislative activity or produce written legislative material. See United States v. Helstoski, 442 U.S. 477, 487-90 (1979); see also United States v. Rayburn House Office Bldg., Room 2113, Wash., D.C. 20515, 497 F.3d 654, 659-60 (D.C. Cir. 2007).

As explained during oral argument on April 30th, the power of the legislature to punish one of its own members has been a core legislative power entitled to legislative immunity since before the founding of this very nation. See Whitener v. McWatters, 112 F.3d 740, 741(4th Cir. 1997). "Americans at the founding [of this

Hon. Brian R. Martinotti, U.S.D.J.
May 7, 2018
Page 3

nation] and after understood the power to punish members as a legislative power inherent even in the humblest assembly of men." Id. at 744[internal citations omitted]. The legislature's exercise of its self-disciplinary power is protected by absolute legislative immunity. Whitener, 112 F.3d at 744.

Much like the County legislator in Whitener, in this case the Freeholder Defendants adopted a Censure Resolution to admonish Plaintiff for lack of decorum and civility in his treatment of his peer legislators and County employees -*not for expressing his views on policy*. Id. at 744-45. Importantly, all other punishment, if any, is expressly disavowed therein.

Accordingly, the Freeholder Defendants' Censure Resolution is a core legislative act that entitles the Defendants to absolute legislative immunity from suit for damages under the various legal theories Plaintiff alleges in the Amended Complaint. Ibid. (see also Rangel v. Boehner, 785 F.3d 19, 25 (D.C. Cir. 2015)).

**II.  PLAINTIFF CANNOT SHOW CLEAR AND CONVINCING PROOF OF CONTEMPT, AND OTHERWISE COMES TO THE COURT WITH UNCLEAN HANDS.**

During oral argument, the Freeholder Defendants clarified to this Honorable Court that the Censure Resolution only set forth information derived from sources independent of the underlying investigation, including prior complaints, public statements from Plaintiff, or Plaintiff's private statements which already exist in the public domain. (See Investigation Report, at pp. 15-17).

Hon. Brian R. Martinotti, U.S.D.J.
May 7, 2018
Page 4

The Freeholder Defendants' then recited several examples of information in the investigation report which had been excluded from the Censure Resolution, such as:

- Threatening to stab Freeholder DiMaso with his insulin syringe;

- Referring to Freeholder DiMaso as a "Staten Island guinea";

- Making statements about women with whom he disagreed, such as "I wouldn't touch that person with a 40-foot pole" or "who would sleep with her"; and

- Lunging at and pointing in the face of a County employee.

The undersigned further explained that this information was excluded from the Censure Resolution because the statements were either allegedly made by Plaintiff in private settings; not already in the public domain; and/or were derived solely from the underlying internal investigation.

Given the procedural history, the absence of any Order that complies with L.Cv.R. 5.3 and the ambiguity of the "Minute Entry" in which plaintiff bases his motion, the motion should be denied in its entirety. John T. ex. Rel. Paul T. v. Del. Cnty., 318 F.3d 545, 552 (3d Cir. 2003); Harris v. City, of Phila., 47 F.3d 1342, 1350 (3d Cir. 1995).

Furthermore, the Freeholder Defendants' opposition papers provide "civil contempt sanctions should be tailored so that they do not unduly harm broader public interests." Elkin v. Fauver, 969

Hon. Brian R. Martinotti, U.S.D.J.
May 7, 2018
Page 5

F.2d 48, 52 (3d Cir. 1992)(citing Spallone v. United States, 493 U.S. 265, 276 (1990). "One who comes into equity must come with clean hands and keep those hands clean throughout the pendency of the litigation even to the time of ultimate disposition by an appellate court." Gaudiosi v. Mellon, 269 F.2d 873, 881 (3d Cir. 1959)[internal footnotes omitted]. A court acts out of concern for its own integrity when it refuses to hear a claim because the party seeking relief enters with "unclean hands." Id. at 881-82.

In seeking an equitable order of contempt in this litigation, Plaintiff's attorney has claimed arrogance on the part of the Freeholder Defendants. Yet Plaintiff's counsel misrepresents to the Court that the affidavits of Tony Howley and Julisa Garcia were prepared prior to the subject "Minute Entry" in question. (See Freeholder Defendants' Opp. Br. at Ex. "B"-"C"; ECF 24-4 to 24-5).

Contrary to the assertions of Plaintiff's counsel, these affidavits are dated **December 7, 2017** —three days after the "Minute Entry" was entered on the docket. Id. Regardless, it is undisputed that Plaintiff and/or his attorneys disclosed information from the investigation report to third-parties prior to the "Minute Entry," of December 4, 2017 and/or adoption of the Freeholder's Censure Resolution on December 8, 2017.

Accordingly, the contempt motion should otherwise be denied due to Freeholder Curley's unclean hands in disclosing the names of

Hon. Brian R. Martinotti, U.S.D.J.
May 7, 2018
Page 6

witnesses and victims and select information from the investigation report since the inception of this litigation.

                                      Respectfully submitted,

                                      <u>/s Jonathan Testa</u>
                                      JONATHAN TESTA, ESQ.

cc:   Bruce P. McMoran, Esq. (via ECF)
      Michael F. O'Connor, Esq. (via ECF)
      Angelo J. Genova, Esq. (via ECF)
      Lawrence Bluestone, Esq. (via ECF)