# McMORAN, O'CONNOR, BRAMLEY & BURNS

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

| NEW JERSEY OFFICE | NEW YORK OFFICE |
|---|---|
| RAMSHORN EXECUTIVE CENTRE<br>BLDG. D, SUITE D-1<br>2399 HIGHWAY 34<br>MANASQUAN, NEW JERSEY 08736 | 10 ROCKEFELLER PLAZA<br>NEW YORK, NEW YORK 10020<br>(800) 292-6640 |
| (732) 223-7711   FAX: (732) 223-7750 | WEB: www.mcmoranlaw.com |
| REPLY TO:<br><br>NEW JERSEY OFFICE | BRUCE P. McMORAN<br>MEMBER OF NJ, NY, FL AND DC BARS<br>bmcmoran@mcmoranlaw.com |

July 3, 2018

**BY ECF**

Hon. Tonianne Bongiovanni, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

      RE: **John Curley vs. Monmouth County Board of Chosen Freeholders, the individual County Freeholders, and Michael Fitzgerald and Teri O'Connor**
           **Civil Action No. 3:17cv-12300-BRM-TJB**

Dear Judge Bongiovanni:

    We represent defendants Michael Fitzgerald, Esq. and Teri O'Connor in the captioned matter. We write to oppose plaintiff John Curley's request for an initial conference.

    Courts generally weigh a number of factors in determining whether to grant a stay, including: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity to the moving party; (3) whether a stay would simplify the issues and the trial of the case; and, (4) whether discovery is complete and/or a trial date has been set. Actelion Pharmaceuticals, Ltd. V. Apotex, Inc., Civil No. 12-5743 (NLH/AMD) (D.N.J. Sept. 6, 2013) 2013 WL 5524078 at *3 (collecting cases).

Hon. Tonianne Bongiovanni, U.S.M.J.
July 3, 2018
Page 2

Where a dispositive motion is pending, courts further consider whether the motion "appears to have substantial grounds or, stated another way, does not appear to be without foundation in the law." Id. (citation omitted). It is indeed well-settled that discovery may be stayed pending resolution of a motion to dismiss where the motion to dismiss will render discovery futile. Mann v. Brenner, 375 Fed.Appx. 232, 239 (2010); see also Neitzke v. Williams, 490 U.S. 319, 326–27 1989) (Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding").

In Actelion, the Court found a stay appropriate where a motion to dismiss was pending, the potential cost of discovery favored a stay, the motion to dismiss was not frivolous and the case had been filed twelve months earlier, the motion to dismiss was filed immediately thereafter and no party had engaged in significant discovery production or motion practice. 2013 WL at *4-6.

The same circumstances under which the Court found a stay was appropriate in Actelion exist here. Moreover, defendants have moved to dismiss the amended complaint in part based on qualified immunity from suit. "Because qualified immunity bestows immunity from suit, the Supreme Court 'repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" Thomas v. Independence Tp., 436 F.3d 285, 291 (3d Cir. 2006) (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)). "The Supreme Court has admonished that '[u]ntil this threshold immunity question is resolved, discovery should not be allowed.'" Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

For these reasons, we oppose the request for an initial conference. If necessary, we request leave to file a motion to stay discovery. Thank you for your consideration of this matter.

Respectfully,

BRUCE P. McMORAN

BPM/MFO/ng
c: All Counsel of Record (via ECF)

McMORAN, O'CONNOR, BRAMLEY & BURNS
A PROFESSIONAL CORPORATION