**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

July 16, 2018

**LETTER ORDER**

Re:   **Curley v. Monmouth County Board of Chosen Freeholders, et al.**
      **Civil Action No. 17-12300 (BRM)**

Dear Counsel:

The Court has reviewed Plaintiff's letter requesting that an Initial Conference be set in this matter (Letter from Angelo J. Genova to Hon. Tonianne J. Bongiovanni of 7/2/2018; Docket Entry No. 54) as well as Defendants Michael Fitzgerald, Esq. and Teri O'Connor's response thereto (Letter from Bruce P. McMoran to Hon. Tonianne J. Bongiovanni of 7/3/2018; Docket Entry No. 55).  The Court is aware that the mere fact that dispositive motions have been filed does not result in an automatic stay of discovery – here, three motions are pending before the District Court: (1) Plaintiff's motion to hold Defendants in contempt; (2) Defendants Thomas Arnone, Lillian Burry, Serena DiMaso, Esq., Monmouth County Board of Chosen Freeholders, and Gary Rich's motion to dismiss; and (3) Defendants Michael Fitzgerald, Esq. and Terri O'Connor's motion to dismiss. The Court considers several factors in determining whether a stay of discovery is warranted:

> (1) Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non moving party[;] (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party [;] (3) whether a stay would simplify the issues and the trial of the case [;] and (4) whether discovery is complete and/or a trial date has been set.

*Actelion Pharm. Ltd. v. Apotex Inc.*, Civil No. 12-5743 (NLH/AMD), 2013 WL 5524078, *3

(D.N.J. Sept. 6, 2013) (internal quotation marks and citations omitted). On balance, at this juncture, the Court finds that these factors favor a stay of discovery.

First, the Court finds that Plaintiff will not be unduly prejudiced by a stay nor will a stay present Plaintiff with a clear tactical disadvantage. The District Court heard argument on all three of the aforementioned motions on April 30, 2018. A decision on same will certainly be forthcoming shortly. In light of the foregoing, the Court finds that staying discovery until after a decision on the pending motions will not unduly prejudice Plaintiff.

Second, the Court finds that moving forward with discovery prior to a resolution of the pending motions would present a clear hardship for Defendants. Plaintiff, a Monmouth County Freeholder, has asserted constitutional and other claims arising from an alleged politically motivated investigation into his conduct in or around June 2017 that was ostensibly commenced without the approval of the Monmouth County Board of Chosen Freeholders. Discovery will likely be extensive and costly. Further, Defendants have raised numerous defenses to Plaintiff's claims, including a qualified immunity defense. As Defendants Fitzgerald and O'Connor have noted, "'[b]ecause qualified immunity bestows immunity from suit, the Supreme Court 'repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage of litigation.' The Supreme Court has admonished that '[u]ntil this threshold immunity question is resolved, discovery should not be allowed.''" (Letter from Bruce P. McMoran to Hon. Tonianne J. Bongiovanni of 7/3/2018 at 2 (quoting *Thomas v. Independence Tp.*, 463 F.3d 285, 291 (3d Cir. 2006) (internal citations omitted))). Under these circumstances, the Court finds that Defendants would be faced with a clear hardship if forced to undertake discovery now. The equities of this case favor granting a stay of discovery.

Third, the Court finds that a stay will simplify the issues and the trial of this matter. In this regard, the Court finds that Defendants' dispositive motions do "'not appear to be without foundation in law.'" *Actelion*, 2013 WL 5524078, at *5 (quoting *Victor v. Co.Ho. Huber*, civil No. 3:12-CV-282, 2012 WL 2564841, *2 (M.D.Pa. July 2, 2012)). Indeed, nothing raised with the District Court suggests that the motions are frivolous. Further, the motions certainly have the ability to narrow the issues on which discovery is needed. Indeed, if the motions are fully granted, the need for discovery would be eliminated. Accordingly, the Court finds that on balance this factor favors entry of a stay.

Fourth, the Court notes that discovery is not complete. Indeed, it has not begun, and no trial date has yet been set. Instead, this matter is still in its relative infancy. This, coupled with the fact that argument was heard on the pending motions in April and a decision is likely imminent, convinces the Court that this factor also favors entry of a stay.

Consequently, the Court finds that on balance the factors set forth above warrant a stay of discovery. As a result, the Court declines to schedule an Initial Conference at this juncture. Instead, discovery is stayed until a decision on the pending motions is rendered.

**IT IS SO ORDERED.**

          s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**