

## GENOVA BURNS
### ATTORNEYS-AT-LAW

RECEIVED
AUG 2 4 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Angelo J. Genova, Esq.
Partner
Member: NY, NJ & PA Bar
agenova@genovaburns.com
Direct: 973-535-7100

August 23, 2018

**VIA ECF**

Honorable Brian R. Martinotti, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building
402 East State Street, Room 2020
Trenton, New Jersey 08608

> **Re:** **Curley v. Monmouth County Board of Chosen Freeholders, et al.**
> **Index No. 3-17-cv-12300-BRM-TJB**

Dear Judge Martinotti:

We write, on behalf of Plaintiff John Curley, in response to the letter, dated August 21, 2018, submitted by counsel for the County Defendants (ECF No. 59.) Counsel for the County Defendants indicates that there is a second report, the "Supplemental Report," issued by the Honorable Mary Catherine Cuff, P.J.A.D. (Ret.) on or about February 15, 2018. Judge Cuff was also the author of the Initial Report that remains under seal pursuant to the Court's December 4, 2017 Sealing Order (ECF No. 6). The County Defendants ask, in a two-page letter, that the Court clarify the scope of the Sealing Order, so they can release the Supplemental Report to the public.

Initially, we object to the County Defendants' effort to obtain a substantive ruling from the Court in this manner. If the County Defendants wish for the Court to issue a ruling on the scope of the Court's Order, the proper avenue would be for them to file a motion so that Plaintiff can have an opportunity to properly respond. See generally L. Civ. R. 7.1

Nonetheless, we will briefly respond to the County Defendants' suggestion that the Supplemental Report is not covered by the Sealing Order simply because it was issued after the date of that Order. The County Defendants' current characterization of the Supplemental Report contradicts the way it was characterized by Judge Cuff (as revealed through documents produced via OPRA requests). Judge Cuff described both the Initial Report and Supplemental Report as being part of the same matter, "Matter No. 10163" (see attached), suggesting that the Supplemental Report is directly related to the Initial Report which, of course, remains under seal.

If in revealing the Supplemental Report, the County Defendants also reveal portions of the Initial Report, revealing the Supplemental Report would violate the Court's Sealing Order.



This fact highlights the inadequacy of the County Defendants' litigation-by-letter approach to their request. A determination by the Court would likely require *in camera* review of the Supplemental Report by the Court, along with an opportunity for the parties to fully respond to the County Defendants' argument, so the Court may properly consider the issue.

The County Defendants also claim that they must release the Supplemental Report to comply with their obligations under the Open Public Records Act ("OPRA"). This Court is certainly not the appropriate venue for the County Defendants to seek a ruling on the scope of their OPRA obligations, but nonetheless, it is curious that, throughout this litigation, the County Defendants have characterized Judge Cuff's investigation as a sensitive personnel matter resulting from alleged complaints made by County employees. OPRA's personnel exemption, N.J.S.A. 47:1A-10, "is not limited to the items included in a personnel file," and New Jersey courts "tend[] to favor the protection of employee confidentiality" McGee v. Township of East Amwell, 416 N.J. Super 602, 615-616 (App. Div. 2010). Thus, it is difficult to understand why the County Defendants believe the report is subject to OPRA.

Finally, we note, as we have previously made clear to the County Defendants, Plaintiff objects to the process that was employed to produce the Supplemental Report – Plaintiff was not notified of any supplemental investigation and was not interviewed by the investigator – and Plaintiff denies the substantive allegations in the Report.

" So ordered. "

In sum, we request that the Court require the County Defendants file a formal motion if they seek clarification of the Court's Order, submit the Supplemental Report for the Court's *in camera* review, and permit Plaintiff to file a response.

Respectfully submitted,

**GENOVA BURNS LLC**

/s/ Angelo J. Genova

ANGELO J. GENOVA

AJG/LB/AMB
Enclosure
c:  Jonathan Testa, Esq. (via ECF)
    Bruce P. McMoran, Esq. (via ECF)
    Michael F. O'Donnell, Esq. (via ECF)
    Lawrence Bluestone, Esq. (via ECF)

Date:

Brian R. Martinotti,
U.S. District Judge