IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
*(Trenton Vicinage)*

| | |
|---|---|
| JOHN CURLEY,<br><br>          Plaintiff,<br><br>*vs.*<br><br>MONMOUTH COUNTY BOARD OF CHOSEN FREEHOLDERS, SERENA DIMASO, in her individual and official capacity as Monmouth County Chosen Freeholder, THOMAS A. ARNONE, in his individual and official capacity as Monmouth County Chosen Freeholder, GARY J. RICH, in his individual and official capacity as Monmouth County Chosen Freeholder, LILLIAN G. BURRY, in her individual and official capacity as Monmouth County Chosen Freeholder, PATRICK IMPREVEDUTO, in his individual and official capacity as Monmouth County Chosen Freeholder, GERRY P. SCHARFENBERGER, in his individual and official capacity as Monmouth County Chosen Freeholder, MICHAEL FITZGERALD, in his individual and official capacity as County Counsel, and TERI O'CONNOR, in her individual and official capacity as County Administrator,<br><br>          Defendants. | C.A. No. 3:17-cv-12300-BRM-TJB |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF EXECUTION OF JUDGMENT PENDING APPEAL.

Of Counsel: Richard L. Goldstein, Esq.
On the Brief: Walter F. Kawalec, III, Esq.

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................. 1

ARGUMENT ..................................................................................................................... 2

CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

Bergen County v. Port of New York Authority, 32 N.J. 303 (1960) ........................4

Camden Cty. v. Pennsauken Sewerage Auth., 15 N.J. 456 (1954) ..........................4

Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988) ......................................5, 6

Glass v. Snellbaker, 2008 U.S. Dist. LEXIS 71241 (D.N.J. Sept. 17, 2008)............3

Godfrey v. McGann, 37 N.J. 28 (1962).....................................................................4

Hurley v. Atlantic City Police Dep't, 944 F. Supp. 371 (D.N.J. 1996) .................3, 5

Ingenieria, Maquinaria Y Equipos de Colombia S.A. v. Aviation Tech. & Turbine Serv., 2018 U.S. Dist. LEXIS 60266 (D.N.J. Apr. 9, 2018) ..................................5

L.T. v. Mansfield Twp. Sch. Dist., 2009 U.S. Dist. LEXIS 70133 (D.N.J. Aug. 11, 2009)........................................................................................................................3

Lintao v. Livingston, 2011 N.J. Super. Unpub. LEXIS 1971 (App. Div. July 22, 2011)........................................................................................................................4

Mauk v. Hoffman, 87 N.J. Super. 276 (Ch. Div. 1965) ...........................................4

State v. Crowley, 39 N.J.L. 264 (1877) ....................................................................4

Township of North Bergen v. Usher, 142 N.J. Eq. 479 (Ch. 1948) .........................4

**Statutes**

28 U.S.C. § 1962.......................................................................................................2

N.J.S.A. 2A:16-1.......................................................................................................3

N.J.S.A. 40:20-1........................................................................................................4

**Rules**

Fed. R. Civ. P. 62(d) ............................................................................................5, 6

Fed. R. Civ. P. 62(f) ...................................................................................... 2, 4, 5

Fed.R.A.P. 4(a)(2) ................................................................................................2

N.J. Court Rule 2:9-6(b) ............................................................................ 3, 4, 5

N.J. Court Rules 2:9-5(a) ......................................................................................5

N.J. Court Rules 2:9-6(a) ......................................................................................5

## INTRODUCTION

This motion seeks a stay of the judgement order entered by this Court on July 15, 2019 in the Amount of $27,621.42, pending appeal. [ECF No. 99] Because the appellants are a New Jersey county Board of Chosen Freeholders and its individual members sued in their official capacities, they are entitled to a stay of the judgment pending appeal, without the filing of a bond or other security.

## FACTUAL BACKGROUND

This Court, on July 25, 2108, entered its order finding the defendants, Monmouth County Board of Chosen Freeholders, Serena DiMaso, Thomas A. Arnone, Gary J. Rich and Lillian G. Bury, in contempt. [ECF No. 58] On August 23, 2018, the defendants filed their notice of appeal. [ECF No. 60]. That appeal, docketed at 18-2880, is currently pending possible dismissal in the Third Circuit Court of Appeals as interlocutory in light of the fact that this Court had yet to specify the amount of the sanction.

On April 29, 2019, this Court issued its order granting the defendants' motions to dismiss and denied the plaintiff's motion to file another amended complaint. [ECF No. 90] The plaintiff filed a notice of appeal, [ECF No. 93], and the defendants filed a protective cross-appeal. [ECF No. 95]. That appeal is docketed at 19-2284, and is also currently pending possible dismissal.

On July 15, 2019, this Court entered its order setting the amount of the sanction at $27,621.42, reflecting the attorney fee claim by the plaintiff's counsel. [ECF No. 99][1] As the defendants are pursuing an appeal of this Court's order on the motion for contempt as well as the fee imposed, the defendants request this Court enter an order staying the execution of that judgment pending the outcome of the appeal.

**ARGUMENT**

This Court is requested to stay the judgment order for $27, 621.42. The defendants are seeking appellate review of the motion for contempt and the sanctions awarded. As the following will show, the law does not require the defendants to post a bond or other security in order to be entitled to a stay.

Under Fed. R. Civ. P. 62(f), "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor [i.e., Appellee] is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f).

A judgment in a federal district court sitting in New Jersey is accorded the same status as a judgment in the New Jersey state courts. See, 28 U.S.C. § 1962. Moreover, under the law of New Jersey, a judgment of the Superior Court of New

---

[1] The defendants believe that under Fed.R.A.P. 4(a)(2), that one or both of the notices of appeal previously filed should now be treated as filed on or after the date of the entry of this Court's July 15, 2019 order.

2

Jersey creates a lien against the judgment debtor's property from the time of the actual entry of such judgment.  Hurley v. Atlantic City Police Dep't, 944 F. Supp. 371, 372-73 (D.N.J. 1996) (citing N.J.S.A. 2A:16-1)  This includes when the judgement debtor is a municipality.  Id.

Therefore, because the judgment of this Court awarding fees as a sanction constitutes a lien under New Jersey law, this Court must look to the New Jersey Rules of Court to see what stay of execution the state court would give and apply it here.

Under N.J. Court Rule 2:9-6(b), "When an appeal is taken . . . by the State or any political subdivision thereof or any of their respective officers or agencies . . . and the operation or enforcement of a judgment or order is stayed***, no bond, obligation or other security shall be required from the appellant***."  N.J. Court Rule 2:9-6(b), (emphasis supplied.)  Thus, when the "State or any political subdivision thereof or any of their respective officers or agencies" appeals a judgment against it in New Jersey federal court, it is entitled to a stay of the execution of the judgment pending the appeal without the posting of a bond.  See, Hurley, 944 F. Supp. at 372-373; Glass v. Snellbaker, 2008 U.S. Dist. LEXIS 71241 (D.N.J. Sept. 17, 2008); L.T. v. Mansfield Twp. Sch. Dist., 2009 U.S. Dist. LEXIS 70133, at *12-13 (D.N.J. Aug. 11, 2009).

In New Jersey, it has been long established that counties are "political subdivisions" of the state. Camden Cty. v. Pennsauken Sewerage Auth., 15 N.J. 456, 470 (1954) ("A county or municipality is a political subdivision of the state..."); Bergen County v. Port of New York Authority, 32 N.J. 303, 312 (1960); Mauk v. Hoffman, 87 N.J. Super. 276, 281 (Ch. Div. 1965); Township of North Bergen v. Usher, 142 N.J. Eq. 479 (Ch. 1948). See, also, Godfrey v. McGann, 37 N.J. 28, 34 (1962)("The county is an agency of the State...")

Further, the Board of Chosen Freeholders is the political agency created by the legislature to "manage[], control[] and govern[]" the "property, finances and affairs" of that political subdivision. N.J.S.A. 40:20-1. Therefore, the Monmouth County Board of Chosen Freeholders is entitled to a stay without posting any bond or security.

Further, because the individual defendants were sued in their official capacities as Chosen Freeholders, they are "officers" of Monmouth County, as New Jersey law has long recognized. State v. Crowley, 39 N.J.L. 264, 269 (1877) ("[A] freeholder is an officer of the county...") Therefore, under N.J. Court Rule 2:9-6(b) and therefore Federal R. Civ. P. 62(f), no supersedeas bond or other security is required to obtain a stay. See, Lintao v. Livingston, No. A-0983-09T3, 2011 N.J. Super. Unpub. LEXIS 1971, at *26 (App. Div. July 22, 2011) (holding that the rule that no supersedeas bond is required of public entities and public

employees to obtain a stay pending appeal is "unambiguous" and that the rule is "so plainly applicable" when the appellant is a county and its employee, as to not warrant discussion.)

However, even if this Court were to somehow find that the clear language of N.J. Court Rule 2:9-6(b) and Federal R. Civ. P. 62(f) does not apply, this Court has the discretion to nevertheless order the stay absent a bond under Federal R. Civ. P. 62(d).  See, Hurley, 944 F. Supp. at 374; Ingenieria, Maquinaria Y Equipos de Colombia S.A. v. Aviation Tech. & Turbine Serv., Civil Action No. 17-3624 (JBS/JS), 2018 U.S. Dist. LEXIS 60266, at *3 (D.N.J. Apr. 9, 2018)

The factors which the Court can examine in deciding to waive any bond requirement include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position.

Hurley, 944 F. Supp. at 374 (citing Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)).  New Jersey law, incorporated through Fed. R. Civ. P. 62(f), also recognizes judicial discretion in granting a stay without posting a bond.  N.J. Court Rules 2:9-6(a); 2:9-5(a).

5

Case 3:17-cv-12300-BRM-TJB   Document 101-2   Filed 08/14/19   Page 10 of 11 PageID: 2256

Here, looking at the <u>Dillon</u> factors, there is nothing which should lead this Court to hesitate in waiving any bond requirement.  First, the collection process will be straight forward and will not be too time intensive, given the relatively small amount of the judgment.  This Court should have high confidence that funds will be available, given the certification, attached, of Michael D. Fitzgerald, Esq., the County Counsel of Monmouth County.  In the certification he certifies that should order for contempt and the order setting the amount of the sanction be affirmed, that the order will be paid by the county and that a check will be issued once authorization for doing so by the Board of Chosen Freeholders is obtained.  Further, given the relatively modest amount of the sanction and the fact that the yearly budget of the County is approximately $490,000,000.00, there should be absolutely no question but that the judgment can be paid.  Indeed, the defendants' ability to pay is so apparent that it would be a waste of public financial resources to require a bond to be posted.  Further, the County's financial situation is excellent.

Therefore, if this Court were to find any reason not to follow the automatic stay without bond, for which state entities and officers are entitled under New Jersey Court Rules, this Court should exercise its discretion under <u>Federal R. Civ. P.</u> 62(d) and grant the stay without requiring a bond.

6

**CONCLUSION**

For the reasons expressed above, this Court is requested to grant the defendant's motion and stay the execution of the judgment in this case pending appeal.

        Respectfully submitted,

        *MARSHALL, DENNEHEY, WARNER,*
        *COLEMAN & GOGGIN*

By: **/s/ Richard L. Goldstein**
     RICHARD L. GOLDSTEIN, ESQ.
     Attorney for Defendants, Monmouth County Board of Chosen Freeholders, Serena Dimaso, Thomas A. Arnone, Gary J. Rich, Lillian G. Burry, Patrick Impreveduto, and Gerry P. Scharfenberger

     15000 Midlantic Drive ♦ Suite 200
     P.O. Box 5429
     Mount Laurel, NJ  08054
     TEL:  (856) 414-6000
     FAX:  (856) 414-6077
     E-MAIL:  rlgoldstein@mdwcg.com

DATE:  August 14, 2019