# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
*(Trenton Vicinage)*

| | |
|---|---|
| JOHN CURLEY,<br><br>       Plaintiff,<br><br>*vs.*<br><br>MONMOUTH COUNTY BOARD OF CHOSEN FREEHOLDERS, SERENA DIMASO, in her individual and official capacity as Monmouth County Chosen Freeholder, THOMAS A. ARNONE, in his individual and official capacity as Monmouth County Chosen Freeholder, GARY J. RICH, in his individual and official capacity as Monmouth County Chosen Freeholder, LILLIAN G. BURRY, in her individual and official capacity as Monmouth County Chosen Freeholder, PATRICK IMPREVEDUTO, in his individual and official capacity as Monmouth County Chosen Freeholder, GERRY P. SCHARFENBERGER, in his individual and official capacity as Monmouth County Chosen Freeholder, MICHAEL FITZGERALD, in his individual and official capacity as County Counsel, and TERI O'CONNOR, in her individual and official capacity as County Administrator,<br><br>       Defendants. | C.A. No. 3:17-cv-12300-BRM-TJB<br><br><br><br>Certification of Michael D. Fitzgerald, Esquire, County Counsel for Monmouth County |

## AFFIDAVIT OF MICHAEL D. FITZGERALD, ESQUIRE

I, Michael D. Fitzgerald, Esquire, being of full age, certify and declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that:

1.      I am the County Counsel for the County of Monmouth, New Jersey.

2.      In that capacity, I have personal knowledge of the matters attested to herein.

3.      I am making this affidavit in support of the Motion of the Defendants, Monmouth County Board of Chosen Freeholders, Serena DiMaso, Thomas A. Arnone, Gary J. Rich, Lillian G. Burry, Patrick Impreveduto, and Gerry P. Scharfenberger for a stay pending appeal without bond or other security in the above-captioned action.

4.      At issue is the July 15, 2019 order by this Court to pay $27,621.42 as a sanction for contempt.

5.      If that order is affirmed on appeal, the amount of the sanction will be paid by the County of Monmouth.

6.      Should the County of Monmouth be required to pay the sanction, the sanction would be paid within 60 days.

7.      No complex collection process would be required, as once approval for the payment by the Board of Chosen Freeholders is obtained, the check will be drafted on behalf of the County and then forwarded to the plaintiff's counsel.

8.      This Court should have full confidence that the County will be fully capable of payment of this sanction, as the County of Monmouth has a yearly operating budget of approximately $490,000,000.00, so it clearly has the funds available to pay the sanction.

9.      Further, given that fact, the ability of the County to pay that judgment is so plain that the cost of a bond for supersedeas would be a needless exercise.

10.     Finally, the County is in excellent financial condition and no bond should be required to protect the position of any and all County creditors.

Further affiant sayeth naught.

Respectfully submitted,

By: _____

Michael D. Fitzgerald, Esquire
County Counsel for the County of
Monmouth, New Jersey

DATE: August 13, 2019